## MONAGAS v. CENTRAL EUREKA, Inc.
### No. 2630.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1932.

Jose Sabater, of Mayaguez, Porto Rico, for appellant.

Oscar Souffront, of Mayaguez, Porto Rico, and Benicio F. Sanchez, of San Juan, Porto Rico, for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the Supreme Court of Porto Rico of February 5, 1931, affirming a judgment of the District Court of Mayaguez.

It appears that on July 8, 1928, Monagas, plaintiff-appellant, filed a complaint in the District Court of Mayaguez against the Central Eureka, Inc., defendant-appellee, asking damages for breach of contract and that the correct balance owed by the plaintiff to the defendant for financing, provided for in the contract, be determined. A demurrer to the complaint having been overruled, the defendant filed an answer and cross-complaint praying that the original complaint be dismissed and asking that the plaintiff be required to pay the defendant a certain sum of money, plus interest and cost. The case having been heard and submitted, the District Judge, on April 4, 1928, rendered judgment in which he dismissed the complaint of the plaintiff, sustained the cross-complaint, and adjudged that Monagas pay the Central Eureka, Inc., $2,824.06, plus interest, costs, and attorney's fees. At the same time it entered the following order: "And the clerk of this court is ordered to enter a judgment in the corresponding register and to issue a writ to the marshal of this court for the execution of said judgment, once it becomes final." April 11, 1928, Monagas was notified by the clerk of the judgment rendered April 4, and, on April 24, 1928, filed with the clerk of that court notice of an appeal.

The judge of the District Court, on April 4, 1928, did not file or attach to the judgment then rendered a written opinion, and had not done so up to April 24, 1928, according to the certificate of the clerk of the court made by him during that day and filed in the case. It does, however, appear in the appellant's brief that the written opinion of the District Judge was filed with the clerk on that day—probably after the making of the certificate.

The appeal record, as finally made up and filed in the Supreme Court, contained the opinion of the District Judge. At the foot of this record counsel for the plaintiff and for the defendant, on the 20th of October, 1928, certified 'that the foregoing is a true and faithful transcript of the judgment roll of said case." The record does not disclose what the assignments of error, on the appeal to the Supreme Court, were. But the opinion of the latter court indicates that assignments of error were filed; that they all related to the merits of the case; and that no

assignment relating to any other matter was taken. Its opinion clearly shows that, without any assignment of error covering the point, the appellant, in the presentation of his case in that court, complained of the failure of the District Judge "to file findings along with the judgment, in accordance with section 227 of the Code of Civil Procedure as amended," and that all the Supreme Court said about this was: "Whether or not it was mere omission of the judge to file the findings along with the judgment, we would not question in any case that the judge may, as he did, take reasonable time after the date of the judgment for filing, especially within the term."

The appellant, in his assignments of error on his appeal to this court, complains that the Supreme Court erred (1) in holding that the lower court could take a reasonable time after rendering judgment to file his opinion; (2) in affirming the judgment of the District Court on its merits because the District Judge violated section 227 in filing his opinion after April 4, 1928; (3) in not declaring the judgment of the District Court null and void on the ground that the appellant was deprived of his statutory remedy provided in section 223 of the Code of Civil Procedure, namely, that he was deprived of knowing the grounds of the judgment and was thus unable to ask, within the ten days allowed by law, that he be granted a new trial; (4) in failing to declare null and void the judgment of the District Court on the ground that the "opinion did not express the reasons and findings of fact nor the motives that the lower judge had for deciding the conflict of the bulk of evidence submitted to his consideration" in violation of section 227; and (5) in failing to declare null and void the judgment of the District Court because the written opinion of the District Judge was filed after the notice of appeal was given on April 24, 1928, claiming that after the appeal was taken the District Court was without jurisdiction to file a written opinion.

Section 227 of the Code of Civil Procedure, as amended June 12, 1925 (Laws 1925, No. 25), reads as follows:

"Section 227.—At the final hearing of any case in a district court, the judge thereof shall render and file at the time of the sentence, a written opinion which shall be attached thereto, wherein he shall state separately and briefly the facts he considers proved and his juridic reasons for his decision. When the findings of fact are based on conflicting evidence the judge shall state the rea-

sons he may have had for deciding the conflict as he did; and, in case of appeal, the Supreme Court shall weigh said evidence and determine if the findings were warranted or not."

It is apparent from the above quotation from the opinion of the Supreme Court relating to section 227 that the plaintiff was taking the position before it that the judgment of the District Court depended for its validity upon the written opinion of that court being filed and attached thereto and that he was contending that the District Court was without jurisdiction to file its opinion and have it become a part of the judgment roll after the date of rendering judgment, even during the term and before the case was removed by appeal to the Supreme Court, and that the Supreme Court, in deciding this question of jurisdiction, assumed, without deciding, that the validity of the judgment depended upon the written opinion being filed and attached to the judgment, for it held, in substance, that the district judge could cure the alleged defect by filing his written opinion "after the date of the judgment * * * especially within the term." There was no contention before the Supreme Court that the District Court had lost jurisdiction of the case by appeal to the Supreme Court before the opinion was filed in the District Court and none could have reasonably been made. At the time the opinion was filed the appeal record was not made up and was not made up until six months later, on October 20, 1928. And an appeal is not perfected so as to stay "proceedings in the court below upon the judgment or order appealed from" until an appeal bond is filed or cash deposit is made (Code of Civil Procedure, § 298), which the record fails to show had been done before the opinion was filed. The presumption is that at that time no such bond had been filed or cash deposit made, for otherwise the Supreme Court, in discussing the question of jurisdiction, would have alluded to it. The only allusion of a jurisdictional character made by the Supreme Court in its opinion is to the power of the District Court over its judgment until the end of the term in which the judgment is rendered; and the rule stated is one universally recognized and applied.

We are therefore of the opinion that, on the facts in the case, the Supreme Court did not err in so ruling.

 As none of the other questions stated in the remaining assignments on this appeal were before the Supreme Court by assignments of error or otherwise, they are not open to consideration here. It may be said, however, that the plaintiff was not prejudiced in applying, if he had desired to apply, for a new trial in the District Court, which he apparently did not, for, although the opinion was not filed within the ten days provided in section 223 of the Code of Civil Procedure for making such application, the plaintiff could have asked, under paragraph 3 of section 223, for an extension of time until the written opinion was filed in which to do so. In other respects the opinion of the District Court sufficiently complied with the requirements of section 227, as amended.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs to the appellee in this court.